Michael Catalano, J.
Plaintiffs move for summary judgment as demanded in the complaint, declaring that subdivisions 1 and 2 of section 1141 of the Penal Law are unconstitutional.
The moving papers state that plaintiffs are in business in the City of Buffalo, New York, selling magazines, periodicals and other printed matter to the public; that there are ‘ ‘ literally thousands of magazines, books, periodicals and other printed matter being sold to the public” by these plaintiffs who purchase them in large quantities from wholesalers in the Cities of Buffalo and/or New York, from week to week; that plaintiffs have been or are about to be arrested or prosecuted under section 1141 of the Penal Law, by law enforcement agencies of Buffalo and Erie County for selling alleged obscene literature ; that said statute “ does not require that the vendor or seller of any book, periodical, magazine or other printed matter have any knowledge that the literature sold is obscene, lewd, lascivious, filthy, indecent, etc.; ” that this imposes absolute criminal liability without knowledge of the crime; that to protect themselves from prosecution and conviction thereunder, plaintiffs would have to read every item of printed matter in their stores, a task that would force them out of business, thereby restricting the public’s access to reading material; that in June, 1960, two Buffalo police officers came to the Book-Mart at 4 E. Chippewa Street, Buffalo, New York, claimed that some publications on display contained “ dirty pictures,” purchased some, stating they would make an issue of this, ’ ’ leading one Donald *862 Gregory, as manager of the Book-Mart, to believe that he was to be prosecuted for possessing or selling obscene literature; that said police officers repeated these threats on numerous other occasions.
An answering affidavit of an Assistant District Attorney of Erie County states plaintiffs’ present issues of fact that require a trial; it is reasonable for a book seller to have knowledge of what he is selling; this is not a justiciable dispute “ in that there is no showing that the plaintiffs do not have other sufficient adequate remedies in law and in equity.”
The complaint also states that plaintiff Bunis was arrested October 22, 1959 for allegedly selling obscene magazines, but was later acquitted in Buffalo City Court; that May 23, 1960, plaintiff Guenther and his wife, Edna Guenther, were arrested on a similar charge and will be tried in said court; that subdivisions 1 and 2 of section 1141 of the Penal Law are unconstitutional because they do not require ‘ scienter-knowledge on the part of the plaintiffs or any vendor of the contents ” of said reading matter; and imposes criminal liability without a requirement of any actual knowledge that the book is obscene; that it violates the United States Constitution, First and Fourteenth Amendments, and the New York State Constitution (art. I, §§ 6, 8).
The defendants’ answers are general denials.
Section 1141 of the Penal Law, entitled “ Obscene prints and articles,” provides, in part:
“ 1. A person who sells, lends, gives away, distributes, shows or transmutes, or offers to sell, lend, give away, distribute, show, or transmute, or has in his possession with intent to sell, lend, distribute, give away, show or transmute, or advertise in any manner, or who otherwise offers for loan, gift, sale or distribution, any obscene, lewd, lascivious, filthy, indecent, sadistic, masochistic or disgusting book, magazine, pamphlet, newspaper, story paper, writing, paper, card, phonograph record, picture, drawing, photograph, motion picture film, figure, image, phonograph record or wire or tape recording, or any written, printed or recorded matter of an indecent character which may or may not require mechanical or other means to be transmuted into auditory, visual or sensory representations of such character * * * or who,
“2. In any manner, hires, employs, uses or permits any person to do or assist in doing any act or thing mentioned in this section, or any of them,
“ Is guilty of a misdemeanor, and, upon conviction, shall be sentenced to not less than ten days nor more than one year *863 imprisonment or be fined not less than one hundred fifty dollars nor more than two thousand dollars or both fine and imprisonment for the first offense; for a second offense, shall be sentenced to not less than thirty days nor more than one year or be fined not less than two hundred fifty dollars nor more than three thousand dollars or be both fined and imprisoned; for a third offense, shall be sentenced to an indeterminate term of not less than six months nor more than three years and in addition thereto may be fined not more than five thousand dollars.”
The statute against obscene literature has been before our State Legislature for change, repeal, re-enactment, amendment and addition for almost 100 years. In 1868, it forbade one to “ sell ”, “ offer to sell,” “ give away, ” “ offer to give away,” “ have in his or her possession with intent to sell or give away ” obscene literature, punishable by one year in county jail or $1,000 fine, one-third payable to the informer, one-third to the county school fund, one-third to the Female Guardian Society of New York City and County or to the orphan asylum in any other county of conviction. (L. 1868, ch. 430. Emphasis supplied herein unless otherwise noted.) In 1872, the “intent” as to possession was changed to read “ have in his or her possession, with or without intent to sell or give away,” this temporarily removed the one requirement of ‘1 intent ’ ’ which was limited to the act of “ possession” in the entire act. (L. 1872, ch. 747.) This was repealed in 1881 (L. 1881, ch. 676, § 726) and re-enacted in the new Penal Code as section 317 which returned to the wording of 1868, namely, “ has in his possession, with intent to sell or give away ” such obscenity. This basically continued through the many changes (see L. 1884, ch. 380; L. 1887, ch. 692; L. 1900, ch. 731; L. 1941, ch. 925; L. 1950, chs. 623, 624; L. 1954, ch. 703; L. 1955, ch. 837; L. 1956, chs. 423, 661, 662, 681; L. 1957, ch. 690; L. 1958, chs. 735, 736, 737) to the present time.
A proposed model obscenity statute would state: “A person who creates, buys, procures or possesses obscene matter with purpose to disseminate it unlawfully commits a misdemeanor.” (A. L. I., Model Penal Code, No. 6, 1957, § 207.10, subd. [5], Emphasis supplied.) Prior to the eighteenth century, obscenity in Anglo-American law was almost exclusively a church matter; today, criminal obscenity legislation is almost universal (p. 5). In the model, the acts of creating, buying, procuring and possessing are made criminal only when coupled with a “ purpose to disseminate it unlawfully” (pp. 17-18). Illustrative statutes usually express scienter (Lat. knowingly), but not always: United States prohibits obscenity when it is engaged *864 in knowingly (pp. 59, 60); Colorado, no scienter (p. 61); Georgia, knowingly, intent to sell (p. 65); Louisiana, intentional, intention to display (p. 69); Massachusetts, purpose of sale, intends to sell (pp. 71, 72); Wisconsin, intentionally (p. 82); Canada, purpose of publication (p. 83); England, purpose of sale (p. 87); New Zealand, willfully (p. 93).
Legislation carries a strong presumption of constitutionality rebuttable only when established beyond a reasonable doubt to be arbitrary and confiscatory. (Defiance Milk Prods. Co. v. Du Mond, 309 N. Y. 537, 540-541. See, also, Wiggins v. Town of Somers, 4 N Y 2d 215, 218-219.) Clearly drawn criminal legislation to protect the public from the inherent evils of disseminated obscene matter is not barred by constitutional guarantees of freedom (Brown v. Kingsley Books, 1 N Y 2d 177, 181, affd. 354 U. S. 436); the issue is one of balancing competing interests (p. 188).
On March 29, 1948, the Supreme Court of the United States struck down as unconstitutional, being too vague and indefinite, subdivision 2 of section 1141 of the Penal Law of New York, added to this section by chapter 925 of the Laws of 1941 which had to do with ‘1 criminal news, police reports, or accounts of criminal deeds, or pictures, or stories of deeds of bloodshed, lust or crime ” stating that: “No intent or purpose is required —no indecency or obscenity in any sense heretofore known to the law.” (Winters v. New York, 333 U. S. 507, 519, Reed, J., speaking for the majority of the court, Frankfurter, Jackson and Burton, JJ., dissenting. By L. 1950, ch. 623, § 2, the New York Legislature repealed this subdivision 2 of section 1141 of the Penal Law.)
On October 25, 1948, the Supreme Court of the United States affirmed without opinion by an equally divided court, Fbabtkeitbteb, J., taking no part, Doubleday & Co. v. New York (335 U. S. 848) the New York C'ourt of Appeals, which, in upholding by a unanimous court subdivision 1 of section 1141 of the Penal Law, said: “ Upon this appeal there was presented and necessarily passed upon a question under the Constitution of the United States, viz.: The defendant argued that its conviction violated the right of freedom of speech guaranteed by the Fourteenth Amendment of the Constitution of the United States. This court held that the conviction aforesaid did not violate the right of freedom of speech guaranteed by the Fourteenth Amendment of the Constitution of the United States.” (People v. Doubleday & Co., 297 N. Y. 687.) The record on appeal in the Doubleday case (Cases and Points, Court of Appeals, *865 vol. 6228, No. 3) shows that defendant was found guilty under information counts, alleging, in part: 11 unlawfully did print, utter, publish and manufacture a certain obscene * * * book” and “unlawfully did sell * * * and did possess with intent to sell” (Cases and Points, Court of Appeals, vol. 6228, pp. 5, 6).
On June 24,1957, the Supreme Court of the United States, in a five-to-four decision upheld the constitutionality of section 22-a of the New York Code of Criminal Procedure (L. 1941, ch. 925, as amd. by L. 1954, ch. 702) allowing limited injunctive relief against the sale of obscene writings (Kingsley Books v. Brown, 354 U. S. 436). Frankfurter, J., speaking for the majority, said at page 442: “Section 311 of California’s Penal Code provides that ‘ Every person who Avilfully and leAvdly * * * keeps for sale * '* * any obscene * * * book * * * is guilty of a misdemeanor. * * * ’ Section 1141 of New York’s Penal Law is similar.”
On June 24, 1957, the same court decided íavo other cases together, Roth v. United States (354 U. S. 476) involving the primary constitutional question whether the Federal obscenity statute (U. S. Code, tit. 18, § 1461) violates the First Amendment protecting freedom of speech and press, and Alberts v. California involving the primary constitutional question whether the obscenity provisions of the California Penal Code (Cal. Penal Code, § 311) invade the freedoms of speech and press protected by State action by the due process clause of the Fourteenth Amendment, holding that obscenity (that which deals with sex in a manner appealing to prurient interest) is not within the area of constitutionally protected speech or press. (This was a 5-4 decision.)
On July 21,1958, the Second Department, Appellate Division, of the NeAv York Supreme Court, unanimously held that an information laid under section 1141 of the Penal Luav alleging that defendants acted ‘ ‘ wilfully ’ ’ is sufficient to charge that they acted ‘ ‘ knoAvingly and intentionally, ’ ’ although no proof of guilty knowledge is necessary to establish guilt because, ‘ ‘ section 1141 of the Penal Luav prohibits not only the sale and distribution of indecent publications but also prohibits possession, with intent to sell or distribute ” and because “ the omission of the words ‘ willfully and lewdly ’ from the statutes of 1868,1872, 1873, section 317 of the Penal Code and section 1141 of the Penal Law, was deliberate and purposeful. ’ ’ (People v. Shapiro, 6 A D 2d 271, 274, 280.)
On April 16, 1959, the Court of Appeals held an information charging that defendant: “ ‘ did unlawfully and Avilfully possess *866 and have under his control a quantity of obscene * * * pictures and books ’ ’ ’ omitting the statutory words of ‘1 with intent to sell ” according to subdivision 1 of section 1141 of the Penal Law, was jurisdictionally defective and must be dismissed. (People v. McGuire, 5 N Y 2d 523, 525, 526.)
On November 2, 1959, the County 'Court of St. Lawrence County declared subdivision 1 of section 1141 of the Penal Law, unconstitutional. (People v. Douglas, 21 Misc 2d 551, 561.)
On December 14,1959, the United States Supreme Court held that a Los Angeles (California) city ordinance making it unlawful “ for any person to have in his possession any obscene or indecent writing, book # * * (i) in any place of business where # * * books * * * are sold or kept for sale ” imposing absolute criminal liability without any element of scienter-knowledge by the accused of the contents of the book — has such a tendency to inhibit constitutionally protected expression that it cannot stand under the Constitution. (Emphasis supplied. Smith v. California, 361 U. S. 147.)
On March 23, 1960, the City Court of Buffalo, New York, declared section 1141 of the Penal Law, constitutional. (People v. Bunis, 23 Misc 2d 156.)
On March 24, 1960, a unanimous Court of Appeals, following Smith v. California (361 U. S. 147), dismissed an information under section 1141 of the Penal Law;, no opinion (People v. Engel, 7 N Y 2d 1002).
On July 11, 1960, the Second Department dismissed an information under section 1141 of the Penal Law, holding “ proof of scienter is indispensible in order to support a conviction under the statute.” (People v. Richmond County News, 11 A D 2d 799.)
On October 24,1960, the United States Supreme Court agreed to pass on the constitutionality of an Ohio statute which makes it a crime merely to possess obscene matter, regardless of whether there is any intent to display or sell it. (No. 236, Mapp v. Ohio, N. Y. Times, Oct. 25, 1960.)
Obscenity in Anglo-American law has been and is one of the most debated subjects. Originally, it was exclusively a moral matter for the church; now the State had added its legal sanctions. In colonial times, an American patriot expressed the popular spirit in the words, “ Give me liberty or give me death; ” recently a leading jurist,(Black, J.) said, “ Censorship is the deadly enemy of freedom and progress.” (Smith v. California, 361 U. S. 147, 160.) Nevertheless, it is settled law that constitutional liberty ends where obscenity begins, but it is the intentional dissemination of obscenity that is prohibited. *867 Obscenity possessed is not criminal, but obscenity possessed with intent to disseminate is.
Viewed in the light of these tests, section 1141 of the Penal Law, is constitutional. The application thereof to a given case is not before this court at this time; such is for future consideration.
There being no bona fide question of fact raised by these pleadings, plaintiffs’ motion is denied and judgment is granted for the defendants dismissing the complaint.