Ann T. Mikoll, J.
The defendant, Nathan J. Bunis, is charged with violation of section 1141 of the Penal Law. It *157 is alleged that he did display and he did offer for sale seven identical copies of ‘1 Adams Calendars ’ one ‘‘ Monogram Publication”, one “The New Girl Parade ”, one “ Gale’s Artist’s Models, Number Five ”, one “ Studio Models and Girls Beautiful ”, and one “ Parade ”, Volume Three.
u The testimony indicated that Leo T. Callaghan, a police officer, entered the Bunis Book Store located at 23 East Mohawk Street on the 22nd day of October, 1959. The proprietor of this store was Nathan J. Bunis. On this occasion approximately 600 magazines were seized by the police for an alleged violation of another charge involving the exposition of magazines for sale without complete front covers on them. The defendant made several sales while the officer was present. No sales of the 600 magazines were made. The magazines were displayed on two tables on the main floor of the bookstore. About 12 people, comprised of men and one boy, were looking over some of the magazines on display. Some two weeks later, the present charge was placed against this defendant based on 12 magazines found amongst the 600 found. It is alleged that these 12 magazines are obscene. The magazines enumerated depict nude women whose buttocks and breasts are prominently and conspicuously displayed in various poses. People’s Exhibit No. 2 contains, among other things, pictures of nude women of the same type as the other magazines, a strip tease series, a picture story depicting a woman having various pictures drawn on her bosom and body and various writing.
Several exhibits were admitted on behalf of the defendant as proof of contemporary accepted standards in the community. At the end of the case defense counsel made several motions for dismissal based on the failure of the prosecution to prove the guilt of the defendant in that: there was no proof of control of the shop by the defendant, nudity is not in itself obscenity, that the evidence seized is inadmissible against this defendant because it was seized illegally, the prosecution failed to sustain its burden of proof on the question of obscenity, the prosecution failed to make an opening statement and, finally, that section 1141 is unconstitutional.
The pertinent parts of the law under which defendant stands charged read as follows:
Subdivision 1 — “A person who sells * * * distributes m « * or offers to sell * * * distribute or has in his possession with intent to sell * $ * any obscene, lewd, lascivious, filthy, indecent, sadistic, masochistic or disgusting book, magazine * * * is guilty of a misdemeanor.”
*158 Subdivision 4 — “ The possession by any person of six or more identical articles or similar articles coming within the provision * * * of this section is presumptive evidence of a violation of this section.”
The section under which defendant stands charged is a crime and as such requires the application on defendant’s behalf of the theory of presumption of innocence and the requirement of the proof of guilt of the defendant beyond a reasonable doubt by the prosecution.
Case law is replete with cases involving prosecutions of defendants under section 1141 of the Penal Law. In addition, the United States Supreme Court has made a number of decisions involving the question of control of obscenity.
It cannot be controverted today that to find a defendant guilty of a violation of section 1141, we must have first: a showing that the items that form the basis of the charge are obscene. The test of obscenity is a varying one, not a static one. It is not possible of exact definition. The proper test of obscenity today is whether to the average person, applying contemporary community standards, the dominant theme of the material taken as a whole appeals to prurient interests. Any test which is based on other considerations such as the possible effect on the young and very susceptible or, on the other hand, on the sensualists and libertines, does not meet the constitutional test of obscenity. (Roth v. United States, 354 U. S. 476; People v. Brooklyn News Co., 174 N. Y. S. 2d 813.) There is no doubt in the court’s mind that applying this test, and taking into consideration the exhibits produced on defendant’s behalf as evidence of contemporary community standards, the material which are the subject of this action are obscene.
The second requirement of a finding of guilty under section 1141 requires scienter or knowledge of the obscenity, by the defendant. The United States Supreme Court in the case of Smith v. California (361 U. S. 147, 151), handed down on December 14, 1959, in striking down a statute as unconstitutional which made possession of obscene books a criminal violation per se without requiring knowledge on the part of the possessor, stated, “ The States generally may regulate the allocation of the burden of proof in their courts, and it is a common procedural device to impose on a taxpayer the burden of proving his entitlement to exemptions from taxation, but where we conceived that this device was being applied in a manner tending to cause even a self-imposed restriction of free expression, we struck down its application. Speiser v. Randall, 357 U. S. 513 * * * And this Court has intimated that *159 stricter standards of permissible statutory vagueness may be applied to a statute having a potentially inhibiting effect on speech; a man may the less be required to act as his peril here, because the free dissemination of idea may be the loser. Winters v. New York, 333 U. S. 507 * * * These principles guide us to our decision here. We have held that obscene speech and writings are not protected by the constitutional guarantee of freedom of speech and press. Roth v. United States, 354 U. S. 476 * * * But our holding in Roth does not recognize any state power to restrict the dissemination of books which are not obscene; and we think this ordinance’s strict liability feature would tend to seriously have that effect ”.
This court has already held in a motion brought before trial that section 1141 is valid in that knowledge or scienter is required on the part of the defendant as to the obscene material and content of the material in his possession for sale or distribution. Subdivision 4 of section 1141 raises a presumption upon proof of the possession of six books or magazines, obscene in nature, that the possession is presumptive evidence of intent to sell, lend, distribute or give away. Subdivision 4 was not intended to raise a presumption of guilty without a finding of knowledge. (1956 Report to the Legislature, by the State Joint Legislative Oommittee, Legis. Doc. No. 32 [1956].) It was for this reason that the court declared the statute constitutional.
The court in reading the record finds not one mention as to this defendant’s knowledge of the obscene nature of these 12 magazines. The entire conversation with defendant in the bookstore revolved about another charge, that is, the failure of the 600 magazines, which were seized, to have proper covers thereon. Without a finding of knowledge on defendant’s part, there can be no finding of guilty. Wherefore,
Defendant is discharged and the charge against him dismissed. It is further ordered that the 12 magazines be confiscated and destroyed because of their obscene nature.