VERA PAULINE MALONE V. STATE

No. 32,005.   October 19, 1960

Appellant's Motion for Rehearing Overruled November 16, 1960

DAVIDSON, Judge, concurred.

WOODLEY, Judge, dissented

*Seymour Lieberman,* Houston, for appellant.

*Dan Walton,* District Attorney, *Carl E. F. Dally, James T. Garrett,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is possession of magazines for the purpose of sale in violation of Article 527, V.A.P.C.; the punishment, a fine of $300.00.

At the outset, appellant challenges the constitutionality of

that portion of Article 527, V.A.P.C., upon which this conviction rests and, by motion to quash, contends that said statute violates the freedom of the press as provided for in the Constitution of the United States and Section 8, Article I of the Texas Constitution, by making it an offense with punishment affixed thereto for a person to knowingly have in his possession for sale certain magazines.

The pertinent portion of Article 527, as amended in 1957, provides:

"Whoever shall within this State engage in the business of editing, publishing, or disseminating any pamphlet, magazine, or any printed paper devoted mainly or purporting to be devoted mainly to the publications of whoring, lechery, assignations, intrigues between men and women or immoral conduct of persons, or of depraved acts showing violent brutality, or shall knowingly have in his possession for sale or shall keep for sale or distribute or in any way assist in the sale or shall give away such pamphlet, magazine or printed matter in this State * * * ."

We are cognizant of the fact that the guaranties of freedom of the press are not absolute at all times and under all circumstances. The protection given by the Federal and Texas Constitutions to the press does not include the possession, by a person knowingly, for the purpose of sale of any magazine containing material which is denounced by penal statute and condemned when measured by application of the following test: "Whether to the average person, applying contemporary community standards, the dominant theme of the material taken as a whole appeals to prurient interest."

The Supreme Court of the United States has announced the above test as applicable to cases of the nature of the one before us, and such rule is here controlling. Roth v. U. S. & Alberts v. Calif. 354 U. S. 476, 1 L. ed. 2d 1498, 77 S. Ct. 1304 (1957), and numerous cases therein cited and reviewed. It is therefore concluded that the provisions of Article 527, supra, providing that whoever shall knowingly have in his possession for the purpose of sale any magazine which is devoted mainly to the publication of whoring, lechery, assignations, intrigues between men and women, of immoral conduct of persons, or depraved acts showing violent brutality when considered according to the proper standard, do not offend the constitutional guaranties of a free press.

It is further urged in the motion to quash that the provisions of Article 527 do not provide reasonably ascertainable standards of guilt and therefore violate the constitutional requirements of due process. The words of the statute as used therein are sufficiently descriptive of the character of the material denounced. When any magazine is devoted mainly to such material, the magazine contravenes the provisions of said statute. It is therefore concluded that said statute provides reasonably ascertainable standards which meet the requirements of due process, and the refusal of the trial court to grant the motion to quash the information was not error.

However, it is contended that the trial court erred in refusing to give requested charges which were, in substance, that the magazines were not to be considered in detached and separate portions but as a whole, and by the present day standards of magazines and literature sold and distributed in the community.

It will be noted that appellant introduced evidence which raised the matters presented by the requested charges, and she was entitled to have these matters submitted to the jury by an appropriate instruction, applying the test set forth in Roth v. U. S., or one of similar import, such as, whether to the average person, applying the existing community standards at the time and place alleged, the material, as a whole, is devoted mainly to, and appeals to, lustful interest.

In People v. Bunis, 298 N.Y.S. 2d 568, a prosecution for the sale of obscene magazines, reversed on other grounds, we find the following:

"It cannot be controverted today that to find a defendant guilty of a violation of Section 1141, we must have first: a showing that the items that form the basis of the charge are obscene. The test of obscenity is a varying one, not a static one. It is not possible of exact definition. The proper test of obscenity today is whether to the average person, applying contemporary community standards, the dominant theme of the material taken as a whole appeals to prurient interest. Any test which is based on other considerations such as the possible effect on the young and very susceptible, or, on the other hand, on the sensualists and libertines, does not meet the constitutional test of obscenity. Roth v. United States, 354 U.S. 476, 77 S. Ct. 1304, 1 L. ed. 2d 1498; Peopel v. Brooklyn News Co., 12 Misc. 2d 768, 174 N.Y.S. 2d 813."

The Roth test has been consistently recognized, as shown by the following cases: Alexander v. U.S., 271 F. 2d 140, 145-146; Search Warrant of Property at 5 W. 12th St. v. Marcus, 334 S. W. 2d 119, 123-124 (Mo.); Eastman Kodak Co. v. Hendricks (1958), 262 F. 2d 392, 394-398; Capitol Enterprises, Inc. v. City of Chicago (1958), 260 F. 2d 670, 673-674; Grove Press, Inc. v. Christenberry (1960), 276 F. 2d 433, 437; Empire Pictures Distributing Corp. v. City of Fort Worth, 273 F. 2d 529, 537, 541; Smith v. People of California, 361 U. S. 147, 80 S. Ct. 215, 4 L. ed. 2d 205.

In this case, no instruction was given informing the jury of the test set out in Roth. If the jury had been so instructed and had found that the test when applied to said magazines did not condemn them, then such findings would have authorized an acquittal. In the absence of such instruction, appellant was deprived of a valuable right and the refusal was prejudicial. The requested charges were sufficient to call the trial court's attention to the omission and preserve the error. Article 659, V.A.C.C.P.; Barefield v. State, 165 Tex. Cr. Rep. 581, 309 S. W. 2d 451; and McCracken v. State, 168 Tex. Cr. Rep. 565, 330 S.W. 2d 613.

The judgment is reversed and the cause remanded.

## CONCURRING OPINION

DAVIDSON, Judge, (concurring).

I concur in the reversal of this conviction. I would reverse it, however, for the reason that the evidence is insufficient to support the conviction. Especially is this true in that there is no evidence that appellant knew or had knowledge of the contents of the magazines or that such magazines offended against the statute.

The learned trial judge instructed the jury that "The terms 'knowingly' as used in this charge is defined as an act which is consciously and willfully done." "Willful" means "intentional."

The jury was instructed to the effect that if appellant "did not have any knowledge of the contents of the magazine[s]" she should be acquitted. The undisputed evidence so shows.

"Malone's News Stand," situated on one of the principal streets of downtown Houston, was engaged in the business of

selling newspapers, magazines, and publications, generally. The owner and operator thereof was the husband of the appellant.

In the operation of the place of business, appellant assisted in the morning hours on a relief basis. She had nothing to do with the general operation of the business or the buying or selection of the publications to be sold or offered for sale.

About 11 o'clock, a.m., on the day of the alleged offense, two vice-squad policemen of the city of Houston went to the newsstand and there selected three magazines from among other periodicals in excess of five thousand displayed and offered for sale on the newsstand.

The officers took the magazines to the appellant, who was in charge of the cash register, and paid her $1, the price she fixed for the three magazines.

Appellant had been at work only a short time. There was evidence that none of the magazines purchased had been on the newsstand more than two days prior to the sale. There was no direct evidence that appellant knew of the contents of the magazines or that she had anything to do with the the selection of the magazines to be sold and offered for sale. If appellant ever saw the magazines prior to the sale there is no evidence to so show.

In the light of what has been said it is apparent that appellant's knowledge of the contents of the magazines is imputed and made to depend, alone, upon the fact that she, as cashier, received the purchase money for the ones which the police officers had selected of their own accord without any suggestion or assistance from her.

To my mind, the insufficiency of the evidence is thus demonstrated.

The statute under which this prosecution is brought is unconstitutional and invalid for the reason that it is so indefinitely framed and of such doubtful construction that it can not be understood from the language in which it is expressed and is therefore insufficient as a penal statute.

I cited the authorities supporting that rule in my dissenting opinion in Rowland v. State, 166 Tex. Cr. R. 118, 311 S. W. 2d 842.

Art. 527, Vernon's P. C., under which this prosecution is brought, does not penalize the sale or possession of obscene publications, generally, but makes unlawful and penalizes the sale or possession of only such publications as are "devoted mainly or purporting to be devoted mainly" to obscene matters.

This means that a publication does not offend against the statute and is therefore not unlawful unless and until such publication is principally devoted to the subject matter denounced. What constitutes "mainly" is left entirely to the viewpoint of those seeking to enforce the law.

So, then, the statute is not one penalizing the sale or possession of obscene literature but, rather, the sale and possession of publications devoted *mainly* to obscenity. It makes no difference how obscene any publication may be, it is not unlawful unless in its entirety the publication is *mainly* obscene.

The offense created, therefore, punishes the amount of obscenity in the publication rather than the outlawry of obscene literature entirely.

So far as I am concerned, a publication containing one page of obscene matter is just as obnoxious and harmful and should be outlawed the same as one in which the majority of the pages are mainly devoted to obscenity.

I am at a loss to understand how the amount of obscenity in a publication could determine its lawfulness. If the publication is obscene at all, it ought to be outlawed because of that fact; the amount of obscenity therein ought not to be the determining factor of guilt.

Who determines if the publication is obscene? Who determines when an obscene publication is devoted mainly to obscene matters? It is not the legislature of this state, for it has not said. The legislature is without power or authority to delegate to some law enforcing agency or court the right to make that determination. It is the exclusive province of the legislature to write the criminal laws of this state by and thru which men are tried for their liberty.

WOODLEY, Judge, (dissenting).

The contents of the magazine which appellant admitted in her testimony that she sold to the officer who arrested her does

not come under the classification of border line material, or material containing an "isolated obscene excerpt", nor does the magazine merely depict nude females. All of the magazine is devoted to matters prohibited by the statute, and shows that those publishing and distributing it were "engaged in the commercial exploitation of the morbid and shameful craving for materials with prurient effect." (Quote from Chief Justice Warren in Roth vs. U.S., cited in the majority opinion.)

This is the very conduct which the legislature of this state has, in its wisdom, made unlawful by the enactment of Art. 527 V.A.P.C.

Under the court's charge, the jury in order to convict was required to find beyond a reasonable doubt that appellant had knowledge of the contents of the magazine and that she distributed it "for the purpose of corrupting and depraving the average person." If there was error in failing to instruct the jury that the contents of the magazine were to be considered as a whole and by present day standards of the average man, the error, in view of the evidence and the charge given, was harmless and not ground for reversal. Art. 666 C.C.P.

I do not agree that the jury would have had authority to say that the possession of such a magazine for sale was lawful because its contents "have practically become contemporary literature for the City of Houston", as counsel suggests. Even the witnesses for the defense admitted that the magazine was "trash."