**Henry Duncan BAXTER, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 35104.

Court of Criminal Appeals of Texas.

Jan. 9, 1963.

Leonard Brown, San Antonio, for appellant.

Charles J. Lieck, Jr., Dist. Atty., A. J. Hohman, Jr., Asst. Dist. Atty, San Antonio, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Presiding Judge.

The offense is contributing to the delinquency of a minor (Art. 534 P.C.); the punishment, 6 months in jail and a fine of $500.

The information alleged that appellant contributed to the delinquency of the named boy, who was under 16 years of age, by showing him obscene pictures.

Art. 527, Sec. 2, Vernon's Ann.P.C. makes it unlawful to knowingly exhibit any obscene picture to a minor. "Obscene" is defined in Sec. 3 of said Art. 527 " * * * as whether to the average person, applying contemporary community standards, the dominant theme of the material taken as a whole appeals to prurient interests. *Provided, further, for the purpose of this article, the term 'contemporary community standards' shall in no case involve a territory or geographic area less than the State of Texas."*

 Under the allegations of the information, it was necessary that the proof show that this statute was violated. Why the state chose to prosecute under Art. 534 P.C. when proof of the same facts would authorize a conviction with a higher punishment under Art. 527, Sec. 2, P.C., is not apparent.

The court in his charge told the jury that it was unlawful to exhibit an obscene picture to a minor. "Obscene" was defined in the charge, but the definition was not that found in the statute making such exhibiting of an obscene picture to a minor an offense. Omitted from the court's definition was the above italicized portion of the statute.

Appellant's objection to the court's charge, that the definition of "obscene" was contrary to and at variance with the definition found in the statute, was well taken.

The state, in relying upon Malone v. State, 170 Tex.Cr.R. 231, 339 S.W.2d 666, overlooks the fact that "obscene" was not defined in Art. 527 as it existed when the Malone case was tried and decided.

The judgment is reversed and the cause remanded.