Janet CAMPBELL, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 04–87–00287–CR to
04–87–00289–CR.

Court of Appeals of Texas,
San Antonio.

Dec. 21, 1988.
Rehearing Denied Feb. 21, 1989.

John Wilson Rowland, McAllen, for appellant.

Fred G. Rodriguez, Mary Kay Delavan, Ramona Albin, Jay Brandon, Criminal Dist. Attys., San Antonio, for appellee.

Before ESQUIVEL, CANTU and DIAL *, JJ.

## OPINION

ESQUIVEL, Justice.

These are three appeals from judgments of convictions in three obscenity cases. *See* TEX.PENAL CODE ANN. § 43.23(c)(1) (Vernon Supp.1988). We affirm all of the convictions.

Appellant was charged by information in cause number 352,851 on the docket of the County Court at Law Number Seven of Bexar County (our appeal number 04–87–00289–CR) with obscenity, a class "A" misdemeanor. The information charged that on August 28, 1985, appellant

... knowing its content and character, did then and there knowingly and intentionally promote and possess with intent to promote obscene material, to wit: one (1) magazine entitled 'Margo No. 1' by selling said obscene material which depicted and described patently offensive representations and descriptions of ultimate sex acts, to-wit: Deviate Sexual Intercourse to Dan Pierdoth; ...

On November 5, 1986, a jury found appellant guilty.

Appellant was charged by information in cause number 352,020 on the docket of the County Court at Law Number Seven of Bexar County (our appeal number 04–87–00287–CR) with obscenity, a class "A" misdemeanor. The information therein charged that on August 28, 1985, appellant

... knowing its content and character, did then and there knowingly and inten-

tionally promote and possess with intent to promote obscene material, to-wit: one (1) magazine entitled 'Asian Jade' by selling said obscene material which depicted and described patently offensive representations and descriptions of ultimate sexual acts, to-wit: Fellatio to Brian Walsh; ...

On February 7, 1987, a jury found appellant guilty.

Appellant was charged by information in cause number 357,530 on the docket of the County Court at Law Number Seven of Bexar County (our appeal number 04–87–00288–CR) with obscenity, a class A misdemeanor. The information therein charged that on December 3, 1985, appellant

... knowing its content and character, did then and there knowingly and intentionally possess with intent to promote obscene material, to-wit: one (1) magazine entitled 'Blind Man's Boff,' which depicted and described patently offensive representations and descriptions of ultimate sexual acts, to-wit: Sexual Intercourse; ...

On February 18, 1987, a jury found appellant guilty.

On February 19, 1987, appellant's punishment was assessed by the court in each of three cases at six months confinement and a $500.00 fine, probated for one (1) year. As a condition of probation appellant was assessed twenty (20) days confinement.

On April 2, 1987, appellant's motions for new trial in each of the three cases were considered together by the court and were each denied. Appellant raises the same five points of error in each appeal in a single brief. Accordingly we will dispose of all three appeals by this single opinion.

 In her point of error number one appellant contends that "the trial court erred in submitting the definition of patently offensive over timely and proper objection." However, in her brief, appellant presented no argument in support of her complaint in her point of error as to the definition of "patently offensive." Instead, she argues that the charge as submitted

---

* Associate Justice Preston H. Dial, Jr., not participating.

instructed the jury "to apply contemporary community standards in deciding the value question." Appellant further argues, and correctly so, that an instruction which inquires whether an ordinary member of any given community would find serious literary, artistic, political or scientific value in allegedly obscene material violated the First Amendment of the United States Constitution. *See Pope v. Illinois*, 481 U.S. 497, 107 S.Ct. 1918, 95 L.Ed.2d 439 (1987); *Miller v. California*, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973); *Garcia v. State*, 633 S.W.2d 611 (Tex.App.—El Paso 1982, no pet.), *overruled on another ground*, 658 S.W.2d 572 (Tex.Crim.App. 1983).

The assailed charged defined "obscene" as follows:

Obscene means material that:

A. The average person, applying contemporary community standards would find that taken as a whole appeals to the prurient interest in sex;

B. Depicts or describes:

1. patently offensive representations or descriptions of ultimate sexual acts, normal or perverted, actual or simulated, including sexual intercourse, sodomy, and sexual bestiality; or

2. patently offensive representations or descriptions of masturbation, excretory functions, sadism, masochism, lewd exhibition of the genitals in a state of sexual stimulation or arousal, covered male genitals in a discernibly turgid state or a device designed and marketed as useful primarily for stimulation of the human genital organs; and

C. taken as a whole, lacks serious literary, artistic, political, and scientific value.

It is apparent that the trial court in submitting the above definition of "obscene" tracked the language of the statute which defines "obscene." TEX.PENAL CODE ANN. § 43.21 (Vernon Supp.1988). It is further apparent that appellant has misread the charge in question. We hold that the jury was not instructed to apply contemporary community standards in decid-

ing whether the magazines in question had value. The court of appeals in *Garcia v. State, id.*, held that the provisions of § 43.21 did not impose a contemporary community standards test to the value question, also known as the third prong of *Miller*. The point of error is overruled.

■ In her second point of error appellant contends that the trial court erred in admitting into evidence each of the three magazines in question. In support of her contention appellant points out that her motion to suppress should have been granted because of the failure of the police to hold a post-seizure adversary hearing for a determination by a magistrate that the magazines were "probably obscene" and not protected. We disagree with appellant.

It is undisputed that each of the three magazines in question was purchased from appellant by the police. It is further undisputed that none of the magazines in question were presented to a magistrate; instead the magazines were shown to other officers and it was the opinion of the officers that the magazines were probably obscene. It is further undisputed that appellant was not arrested at the time the magazines were purchased but was subsequently arrested on a warrant.

In *Maryland v. Macon*, 472 U.S. 463, 105 S.Ct. 2778, 86 L.Ed.2d 370 (1985), an obscenity case not unlike the case before us, the United States Supreme Court held that it was not an unlawful search when an undercover police officer entered a book store open to the public and that the officer's subsequent purchase of allegedly obscene magazines shortly before the warrantless arrest of the sales clerk did not constitute a seizure within the meaning of the Fourth Amendment rules designed to safeguard First Amendment freedoms. Accordingly, we hold in the cases before us that the purchase of the magazines in question did not effect a seizure. Therefore, the officer's failure to hold a post-seizure hearing before a magistrate was not error. The court did not err in overruling appellant's motions to suppress. The point of error is overruled.

In her third point of error appellant complains of prosecutorial misconduct based on improper jury argument. Appellant alleges that the prosecutor engaged in improper argument in each case by making remarks that were prejudicial, manifestly improper, and harmful.

In cause number 352,020 (our appeal number 04–87–00287–CR), the following occurred in the prosecutor's final argument:

Now the standard of obscenity that you were to use, the Judge laid it out very clearly. Again the average person upon contemporary community standards taken as a whole the material appeals to prurient interest in sex?

Think what the average person in the community would think if he or she picked this up and looked at it. And the average person is everyone, male, female, eight years or eighty years old. DEFENSE COUNSEL: The average person does not include children. That is an improper statement of the law. PROSECUTOR: The average person does include children. THE COURT: Ladies and gentlement of the jury panel, you will be guided by the Court's instructions as far as the age range is concerned with the average individual in the community. Use your better judgment as jurors representing the community with respect to that argument. DEFENSE COUNSEL: My objection is? THE COURT: Overruled.

■ The prosecutor's argument incorrectly stated the law. Children are not to be included as part of the "community" as that term relates to obscene materials. *Pinkus v. United States,* 436 U.S. 293, 98 S.Ct. 1808, 56 L.Ed.2d 293 (1978). The trial court erred in overruling appellant's objection. The error does not require a reversal, however.

■ The trial court told the jury that they were to be guided by the court's instructions and to use their better judgment as jurors regarding the prosecutor's argument. Additionally, after reviewing the magazine "Margo No. 1," we conclude beyond a reasonable doubt that the error did not contribute to the jury's finding that the magazine taken as a whole appeals to the prurient interest in sex. TEX.R.APP.P. 81(b)(2).

■ The assailed argument in cause number 357,530 (our appeal number 04–87–00288–CR) was a remark by the prosecutor that the jury would decide whether they wanted the magazine in question "available at supermarkets and at convenience stores where everybody can see." The record reflects that appellant's objection to the argument as being improper because it was outside the record was sustained by the court. The record further reflects that counsel for appellant's request that the jury disregard the improper argument was granted but the court denied the request for a mistrial. We hold that the court's denial of appellant's request for a mistrial was not error.

■ It is well settled that even if a prosecutor's jury argument is improper, an instruction by the trial judge to the jury to disregard the improper argument is usually sufficient to cure the error. *Melton v. State,* 713 S.W.2d 107 (Tex.Crim.App.1986); *Logan v. State,* 698 S.W.2d 680 (Tex.Crim. App.1985); *Martinez Diaz v. State,* 730 S.W.2d 853 (Tex.App.—Austin 1987, pet. ref'd). Reversible error occurs only when a statement to a jury is so inflammatory that its prejudicial effect cannot reasonably be removed by such admonition. *McKay v. State,* 707 S.W.2d 23 (Tex.Crim.App.1985), *cert. denied,* 479 U.S. 871, 107 S.Ct. 239, 93 L.Ed.2d 164 (1986); *Blansett v. State,* 556 S.W.2d 322 (Tex.Crim.App.1977). In the instant case we do not find the prosecutor's remark to be so prejudicial as to be incurable by an instruction to disregard.

■ In cause number 352,851 (our appeal number 04–87–00289–CR), the prosecutor argued as follows:

[Defense counsel] talked about well, there is all kinds of stuff on Dallas and on some other show. Do you want to see Margo Number One come out on Dallas? Is that what you want? Do you want the doors wide open, for everything to be

available to the community? And remember, the average community doesn't say the average adult community. We're talking about everybody. We're talking about grandmothers, eighty-two years old. We're talking about children. We're not talking about the average adult, we're talking about society. We're talking about community, and the standards that should apply.... And you will decide if this is put to an end or not. You will decide, are we going to put up with this or accept it and let it go through our community. Let's get it into the hands of children and other people. Let it be on T.V. on Friday night when we're at home with our families.

The prosecutor's argument was a proper response to defense counsel's prior argument as follows:

Y'all watch T.V. You know what is on T.V. Just like we all told you in voir dire, both me and the prosecutor, use your common sense and that you have seen. Y'all have watched T.V. and you've watched cable. Do your wives stay at home and watch those soap operas during the day? Have they ever told you what is on those soap operas? How about watching Dallas—or what is the other one about the rich people that comes on Thursday or Friday. They take their clothes off and get in bed on T.V. at 8:00 o'clock with little kids watching it. Is that obscene?

The prosecutor's response to defense counsel's argument fell within the approved general areas of jury argument. *See Todd v. State*, 598 S.W.2d 286 (Tex. Crim.App. [Panel Op.] 1980). Furthermore, no objection was made to the argument, and the argument was not such that an instruction to disregard could not have removed any harm. *Williams v. State*, 682 S.W.2d 538, 546 (Tex.Crim.App.1984); TEX. R.APP.P. 52(a).

The third point of error is overruled in each case.

■ In her fourth point of error appellant contends that "the trial court abused its discretion in sentencing appellant to a term of twenty (20) days in county jail as shock probation because there was no evidence to support such sentence." It is apparent that appellant has confused "shock probation" in a misdemeanor case [TEX.CODE CRIM.PROC.ANN. art. 42.12, § 3f(a) (Vernon Supp.1988)] with the terms and conditions of probation that may be imposed by a court having jurisdiction of a case as set out in art. 42.12, § 6b(a) which reads as follows:

When the court having jurisdiction of the case grants probation to the defendant, in addition to the conditions imposed under Section 6 of this article, the court may require as a condition of probation that the defendant submit to a period of detention in a penal institution to serve a term of imprisonment not to exceed 30 days or one-third of the sentence whichever is lesser.

We hold that under the provisions of 42.12, § 6b(a), the trial court was authorized as a matter of law to require as a condition of her probation that appellant submit to a period of detention in the county jail to serve a term of 20 days incarceration. The point of error is overruled.

■ Finally, in her fifth point of error appellant contends the obscenity statute under which she was convicted is unconstitutional since as Article I, § 8 of the Texas Constitution protects obscenity.

Article I, § 8 provides, in part:

Every person shall be at liberty to speak, write or publish his opinions on any subject, being responsible for the abuse of that privilege; and no law shall ever be passed curtailing the liberty of speech or of the press.

Appellant relies on the rationale of the Oregon Supreme Court in its holding that the Oregon statute making it a crime to disseminate or possess with intent to disseminate obscene material contravened Article I, § 8 of the Oregon Constitution and could not be justified as an historical exception from Oregon's constitutional guarantee of freedom of expression. *State v. Henry*, 302 Or. 510, 732 P.2d 9, 10 (1987). Article I, § 8 of the Oregon Constitution provides:

No law shall be passed restraining the free expression of opinion, or restricting the right to speak, write, or print freely on any subject whatever; but every person shall be responsible for the abuse of this right.

The Oregon Court considered whether obscenity was an historical exception to the guarantees of freedom of expression. The Court concluded, after reviewing English and early American cases and statutes, that restrictions on obscenity were not well established when the early freedoms of expression were adopted. *State v. Henry*, 732 P.2d at 14, disagreeing with *Chaplinsky v. New Hampshire*, 315 U.S. 568, 62 S.Ct. 766, 86 L.Ed. 1031 (1942) and *Roth v. United States*, 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498 (1957), and agreeing with Justice Douglas' dissent in *United States v. 12 200–Ft. Reels of Film*, 413 U.S. 123, 93 S.Ct. 2665, 37 L.Ed.2d 500 (1973). The Oregon court also determined that restrictions on obscenity were not well established in Oregon at the time Article I, § 8 of the Oregon Constitution was adopted. The Oregon court concluded by holding that obscenity was not an historical exception to the guarantees of freedom of expression provided by the Oregon Constitution and declared the Oregon obscenity statute unconstitutional.

Appellant urges this Court to similarly interpret Article I, § 8 of the Texas Constitution. We are constrained, however, by *Malone v. State*, 170 Tex.Crim. 231, 339 S.W.2d 666 (1960), to hold that obscenity is not protected by Article I, § 8.

The Court of Criminal Appeals in *Malone* stated:

We are cognizant of the fact that the guarantees of freedom of the press are not absolute at all times and under all circumstances. The protection given by the Federal and Texas Constitutions to the press does not include the possession, by a person knowingly, for the purpose of sale of any magazine containing material which is denounced by penal statute and condemned when measured by appli-cation of the [appropriate obscenity test employed by the U.S. Supreme Court]. *Malone v. State*, 339 S.W.2d at 667.

The *Malone* Court based its holding solely on the United States Supreme Court case of *Roth v. United States* and the cases cited and reviewed therein. *Roth* involved the First Amendment to the United States Constitution and not Article I, § 8 of the Texas Constitution.

The Texas Supreme Court in *LeCroy v. Hanlon*, 713 S.W.2d 335 (Tex.1986), observed:

While state constitutions cannot subtract from the rights guaranteed by the United States Constitution, state constitutions can and often do provide additional rights for their citizens. *See, e.g., Oregon v. Kennedy*, 456 U.S. 667, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982); *PruneYard Shopping Center v. Robins*, 447 U.S. 74, 100 S.Ct. 2035, 64 L.Ed.2d 741 (1980). The federal constitution sets the floor for individual rights; state constitutions establish the ceiling. Recently, state courts have not hesitated to look to their own constitutions to protect individual rights. *Symposium: The Emergence of State Constitutional Law*, 63 Texas L.Rev. 959 (1985); Linde, *First Things First: Rediscovering the States' Bill of Rights*, 9 U.Balt.L.Rev. 379 (1980); Brennan, *State Constitutions and the Protection of Individual Rights*, 90 Harv.L.Rev. 489 (1977)....

Like the citizens of other states, Texans have adopted state constitutions to restrict governmental power and guarantee individual rights. The powers restricted and the individual rights guaranteed in the present constitution reflect Texas' values, customs, and traditions. Our constitution has independent vitality, and this court has the power and duty to protect the additional state guaranteed rights of all Texans.... By enforcing our constitution, we provide Texans with their full individual rights and strengthen federalism. Brennan, *supra*, at 502–03.

*LeCroy v. Hanlon*, 713 S.W.2d at 338–39. *See also Brown v. State*, 657 S.W.2d 797

(Tex.Crim.App.1983) (Clinton, J., concurring opinion and Teague, J., dissenting opinion).

Although the *Malone* Court did not set out its analysis of obscenity under Article I, § 8 independent of the U.S. Supreme Court's First Amendment analysis; did not examine our State's constitutional protections from an historical perspective; did not trace the origins and history of obscenity laws in the common law of England and in the United States, independently from the U.S. Supreme Court; nor did it examine the history of obscenity laws in Texas; all of which the Oregon Court did in *State v. Henry, supra;* we are bound by the pronouncement of the Court of Criminal Appeals in *Malone v. State. Abdnor v. Ovard,* 653 S.W.2d 793 (Tex.Crim.App. 1983); *Swilley v. McCain,* 374 S.W.2d 871, 875 (Tex.1964).

The Court of Criminal Appeals is the highest tribunal on matters pertaining to the enforcement of criminal laws, and when it has deliberately and unequivocally interpreted the law in a criminal matter, we must adhere to its interpretation. *Southwick v. State,* 701 S.W.2d 927, 929 (Tex. App.—Houston [1st Dist.] 1985, no pet.). We strongly agree with our Supreme Court's declaration in *LeCroy v. Hanlon.* Therefore, we would like to see a more specific holding on the constitutionality of our obscenity laws in Texas under our constitutional provisions by our Court of Criminal Appeals. In this regard we note, however, that the Court of Criminal Appeals has rejected another opportunity to conduct an independent analysis of Article I, § 8, stating,

> Because we find that the [U.S.] Supreme Court has presently stated sufficient minimum constitutional standards governing obscenity, we decline to set lower standards pursuant to the Texas Constitution, although this Court has the power to do so.... We will therefore follow the decisions of the Supreme Court governing the law of obscenity.

*Andrews v. State,* 652 S.W.2d 370, 383 (Tex.Crim.App.1983).

Accordingly, we hold that obscenity is not protected by Article I, § 8 of the Texas Constitution, and the obscenity law, § 43.23(c)(1), as applied to appellant is not unconstitutional under Article I, § 8. *Malone v. State, id.*

Appellant's fifth point of error is overruled.

The judgments in all of the cases before us are affirmed.