**VIDEO NEWS, INC., Appellant,**

v.

**STATE of Texas, Appellee.**

**Nos. 01–89–00465–CR, 01–89–00593–CR to 01–89–00602.**

Court of Appeals of Texas,
Houston (1st Dist.).

Nov. 16, 1989.

Discretionary Review Refused
Feb. 28, 1990.

Rokki Ford Roberts, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., J. Harvey Hudson, and William Patterson, Asst. Dist. Attys., Houston, for appellee.

Before DUNN, SAM BASS and O'CONNOR, JJ.

## OPINION

DUNN, Justice.

In response to a plea of nolo contendere, appellant was found guilty of possession of obscene material in violation of Texas Penal Code section 43.23. The court imposed a fine of $1,000 on appellant.

On May 1, 1989, appellant argued its motion to quash the information, alleging, among other things, that sections 43.21, et seq. of the Texas Penal Code are unconstitutional on their face in that they are overbroad in light of article I, section 8 of the Texas Constitution. Appellant is here appealing the trial court's denial of its motion to quash, and in its single point of error presents the same issue for determination by this Court.

Article 1, section 8 of the Texas Constitution provides in pertinent part:

> Every person shall be at liberty to speak, write or publish his opinions on any subject, being responsible for the abuse of that privilege; and no law shall ever be passed curtailing the liberty of speech or of the press. . . .

Appellant notes that the first amendment to the U.S. Constitution contains a negative prohibition against the Congress passing any laws to abridge the freedom of speech or press. Appellant also notes that the U.S. Supreme Court has found that "obscenity" is not "speech" and therefore, not

subject to the protection of the first amendment. *Miller v. California,* 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973). However, appellant argues that in the Texas constitutional provision, the use of the language "on any subject," means that it should be interpreted as a grant of broader protection to include even obscenity. Appellant argues that obscenity deals with a "subject," that of human sexual relations, and thus, comes within the language of the Texas Constitution.

On this point, the Court's attention is directed to authority from Oregon and Tennessee. These states also have language in their constitutions saying that every person is free to speak, write, or publish "on any subject." Citation is made to cases from both those states holding their state's obscenity statutes unconstitutional on the basis of their state constitutional language. *State v. Henry,* 302 Or. 510, 732 P.2d 9 (1987) and *State v. Sanders,* No. 87–04921 (Tenn.Crim.App., Sept. 23, 1988) (unpublished).

However, we need not resort to sister state authority on how to interpret section 8, article I of the Texas Constitution as it pertains to obscenity.

Former article 527, of the Penal Code is the forerunner of today's commercial obscenity statute, which appellant challenges. Like today's statute, it outlawed the sale of magazines having as their dominant theme, subject matter that, among other things, appeals to a prurient interest in sex. In the case of *Malone v. State,* 170 Tex.Crim. 231, 339 S.W.2d 666 (Tex.Crim.App.1960), as in this case, appellant challenged the commercial obscenity statute on the ground that it was overbroad under article I, section 8 of the Texas Constitution. The court held that the Texas Constitution did not extend freedom of the press protection to a person who, for the purpose of a sale, knowingly possessed "any magazine containing material which is denounced by penal statute and condemned when measured by application of the following test: 'Whether to the average person, applying contemporary community standards, the dominant theme of the material taken as a whole appeals to prurient interest.'" *Id.* 339 S.W.2d at p. 667. Section 43.23 of the Texas Penal Code is such a statute denouncing the possession of such material for sale and utilizing the prurient interest test. Thus, in accordance with *Malone v. State,* we hold that the statute is constitutional under article I, section 8 of the Texas Constitution.

The judgment is affirmed.