**Ruben FLORES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 07–93–0348–CR, 07–93–0349–CR, 07–93–0350–CR, 07–93–0351–CR, 07–93–0352–CR.**

Court of Appeals of Texas, Amarillo.

Aug. 23, 1994.

Discretionary Review Refused Dec. 14, 1994.

Keith E. Jagmin, Dallas, for appellant.

John Vance, Crim. Dist. Atty., Dallas, Karen R. Wise, for appellee.

Before REYNOLDS, C.J., and BOYD and POFF, JJ.

REYNOLDS, Chief Justice.

Charged by information with five separate Class A misdemeanor offenses of promotion of obscene material, appellant Ruben Flores pleaded nolo contendere, was found guilty in a bench trial, and was assessed punishment of five days in jail and a fine of $1500 for each offense. He contends the trial court erred in denying his motion to declare the obscenity statutes, upon which his prosecutions were based, unconstitutional as a limitation on free speech guaranteed by the Texas Constitution. We will affirm.

The obscenity offenses with which appellant was charged were proscribed by the penal statute in this language:

> (c) A person commits an offense if, knowing its content and character, he:
>
> > (1) promotes or possesses with intent to promote any obscene material or obscene device.

Tex.Penal Code Ann. § 43.23(c)(1) (Vernon 1989). A preceding section, section 43.21, provides the definitions of terms used in the obscenity statutes, including the terms "obscene," "material," and "promote."

After the trial, rendition of judgments, and imposition of sentences, appellant moved for a new trial. By an amended motion for new trial, he also moved for a declaration that sections 43.21 and 43.23 of the Texas Penal Code Annotated (Vernon 1989) were unconstitutional, because they are, under Texas constitutional law, overly narrow and constitute an illegal infringement on free expression. The trial court denied the motion, prompting this appeal.

■ On appeal, appellant does not question that the materials he promoted were obscene, nor attack any specific parts of the two sections as being unconstitutional. Instead, he contends, with general allegations, that the sections are violative of Article I, Section 8, of the Texas Constitution which, as material to his contention, provides that:

> Every person shall be at liberty to speak, write or publish his opinions on any subject, being responsible for the abuse of that privilege; and no law shall ever be passed curtailing the liberty of speech or of the press....

Tex. Const. art. I, § 8. Appellant's general allegations are that the sections seek to legislate and criminalize morality and, thus, they are overly narrow and constitute an illegal infringement on the right to free expression.

By his contention, appellant challenges the facial validity of the two statutes, but he fails to enlighten us in what manner the statutes are overly narrow and infringe on the right to free expression. He cites *West v. State*, 514 S.W.2d 433 (Tex.Cr.App.1974), and *McMahon v. State*, 630 S.W.2d 730 (Tex. App.—Houston [14th Dist.] 1982, pet'n ref'd), in recognition of the two sections having passed constitutional muster; however, he submits that the courts have relied upon authorities interpreting the First Amendment to the United States Constitution without independent consideration of the vitality of Article I, Section 8, of the Texas Constitution. Such vitality, he asserts, has been noted in *Davenport v. Garcia*, 834 S.W.2d 4 (Tex.1992),[1] and in *Heitman v. State*, 815 S.W.2d 681 (Tex.Cr.App.1991),[2] with the result that it is incumbent upon the judiciary to reexamine the limitations placed on free speech by sections 43.21 and 43.23, *supra*.

If a reexamination be obligatory by the writings of the *Davenport* court and the *Heitman* court, then the reexamination is to be undertaken by the Texas Court of Criminal Appeals. This is for the reason that earlier in *Malone v. State*, 170 Tex.Cr.R. 231, 339 S.W.2d 666, 667 (1960), the Court determined, albeit without an analytical explanation, that the obscenity statute which preceded section 43.23, *supra*, did not offend the free press guarantee of Article I, Section 8, of the Texas Constitution. Later, in *Andrews v. State*, 652 S.W.2d 370 (Tex.Cr.App. 1983), the Court, addressing the defendant's conviction for a violation of section 43.23, *supra*, the same violation for which appellant was convicted, said:

> Because we find that the [United States] Supreme Court has presently stated sufficient minimum constitutional standards governing obscenity, we decline to set low-

er standards pursuant to the Texas Constitution, although this Court has the power to do so. (Citations omitted.)

> We will therefore follow the decisions of the Supreme Court governing the law of obscenity....

*Id.* at 383.

As an intermediate appellate court, we are duty bound to follow the law declared by the Texas Court of Criminal Appeals on matters pertaining to the enforcement of criminal laws, *Southwick v. State*, 701 S.W.2d 927, 929 (Tex.App.—Houston [1st Dist.] 1985, no pet'n), and, once the law is declared, we are not at liberty to impose a different declaration of the law. *Abdnor v. Ovard*, 653 S.W.2d 793, 794 (Tex.Cr.App.1983). The principle is particularly applicable in these appeals, for essentially the same contention of unconstitutionality that appellant makes here was made, and found to be foreclosed on the same rationale we have expressed, in *Campbell v. State*, 765 S.W.2d 817, 821–23 (Tex.App.—San Antonio 1988, pet'n ref'd). The refusal of the petition for discretionary review fortifies our declination to conduct an independent analysis of the obscenity statutes under Article I, Section 8, of the Texas Constitution.

It follows that the obscenity statutes are not subject to the claim of unconstitutionality made against them in these appeals. Appellant's point of error in each cause is overruled.

Each judgment is affirmed.

---

1. The *Davenport* court, building on the prior recognition that the Texas Constitution's affirmative grant of free speech is in some aspects broader than the First Amendment, and on previous decisions that prior restraint on expression is presumptively unconstitutional, adopted a test to determine when a gag order in civil judicial proceedings will withstand constitutional scrutiny under the Texas Constitution's greater rights of free expression than those provided by the federal equivalent. 834 S.W.2d at 8–10.

2. The *Heitman* court, recognizing that state constitutions cannot subtract from the rights guaranteed by the United States Constitution, but that they can provide additional rights to their citizens, concluded that it, when analyzing and interpreting Article I, Section 9, of the Texas Constitution (the guarantee against unreasonable seizures or searches), will not be bound by Supreme Court decisions addressing the comparable Fourth Amendment issue. 815 S.W.2d at 690.