Opinion issued May 19, 2005








     





In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00242-CR




SIMMINETTE DRAKE SHINETTE, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 56th District Court
Galveston County, Texas
Trial Court Cause No. 03CR2154




MEMORANDUM OPINION
          A jury found appellant, Simminette Drake Shinette, guilty of the third-degree
felony offense of unlawful possession of a firearm by a felon.


 The trial court
assessed punishment at three years’ confinement. In this appeal, Shinette contends
that (1) the evidence is factually insufficient to disprove his necessity defense; (2) the
trial court erred in admitting testimony concerning his prior felony conviction for a
violent offense; and (3) he did not receive a fair determination of the defense of
necessity because the jury was not given a definition of proof “beyond a reasonable
doubt.” 
The Facts
          The evening of June 27, 2003, Farrah Cox visited her sister, Dianne Duvall, at
her apartment in Galveston, Texas. As she arrived, she noticed a man, later identified
as Scott Hargrove, on a neighboring home’s porch. Cox observed Hargrove drinking
beer and throwing the empty cans into the neighbor’s backyard. Cox got out of her
vehicle and confronted Hargrove about his behavior.
          Cox testified that she then went inside her sister’s apartment. While inside,
Cox overheard her sister and Hargrove arguing. Cox further testified that Hargove
called Duvall offensive names and that she heard her sister say that Hargrove was
hitting Shinette. Cox went back outside and saw Hargrove on top of Shinette and
beating him, possibly with a brick. Cox further testified that she pulled Hargrove off
of Shinette, and Hargrove walked away toward a building on the corner of the street. 
Cox and Duvall testified that Shinette attempted to follow Hargrove. Cox raised her
arm to stop him, but realized that he had a handgun. Cox saw Shinette pull the trigger
and heard the handgun click four times. 
          Duvall testified that as she arrived at her apartment she saw Shinette at a
nearby payphone. Duvall went over to talk to him. She then noticed her sister talking
to Hargrove, who appeared to be intoxicated, on her neighbor’s porch. Hargrove
became belligerent and called Duvall offensive names. Duvall slapped Hargrove, and
he continued his abusive language. Shinette then approached Hargrove and they
argued for a few minutes before Shinette hit Hargrove and a physical altercation
ensued. Duvall further testified that, although she did not see Hargrove hit Shinette
with a brick, she noticed that a brick was missing from the flower bed border. She
also stated that she saw Hargrove on top of Shinette and heard Shinette say that
Hargrove hit him with a brick. Duvall testified that she saw blood on Shinette’s head
and that she and Cox attempted to stop the fight, but she then saw Shinette holding
a handgun. She further testified that she saw Shinette pointing the handgun “for like
a second,” but did not hear any clicks or see him pull the trigger. Duvall testified that
she “vaguely” remembered Shinette requesting his handgun. In her statement to
police, however, Duvall admitted that Shinette requested his handgun during the
altercation. Duvall told the police that she saw the handgun lying in the dirt, and she
picked up the handgun and handed it to Shinette. During her testimony Duvall stated
that she did not possess a handgun and did not have a handgun in her home. 
          Officer Mitchell, of the Galveston Police Department, testified that he was on
patrol when he saw Hargrove running around a corner shouting: “He has got a gun.” 
Hargrove told Mitchell that he had been in a fight with Shinette. Mitchell, along with
two other police officers, questioned Cox and Duvall. Upon request, Duvall gave the
officers consent to search her apartment. The police officers found Shinette hiding
in a closet and found a handgun under a sofa cushion. 
          Mitchell requested that an identification officer respond to the scene. Officer
Smart arrived at the scene and processed the weapon. He testified that the handgun
had two bullets in the cylinder. Smart stated that a dimple was on the primer of one
of the shells in the revolver. He further testified that it was impossible to tell when
the bullet had become indented, but that it could have resulted if the handgun had
misfired. 
Discussion
          In this appeal, Shinette contends that (1) the evidence is factually insufficient
to disprove his necessity defense; (2) the trial court abused its discretion in admitting
testimony regarding his prior felony conviction; and (3) the trial court erred in failing
to provide the jury with the definition of “beyond a reasonable doubt.” 
Factual Sufficiency of the Evidence to Disprove Necessity
          In his first issue, Shinette contends that the evidence is factually insufficient
to support his conviction for the unlawful possession of a firearm by a felon. “A
person who has been convicted of a felony commits an offense if he possesses a
firearm . . . at any location other than the premises at which he lives.” Tex. Pen.
Code Ann. § 46.04(a)(2) (Vernon 2003). Shinette concedes that he possessed a
handgun at a location other than his home, but he contends that his conduct was
immediately necessary to protect himself from Hargrove. See Tex. Pen. Code Ann.
§ 9.22 (Vernon 2003). 
          Necessity is classified as a “defense” to prosecution. See Tex. Pen. Code Ann.
§§ 2.03, 9.02, 9.22 (Vernon 2003). After a defendant produces some evidence that
supports a defense, the State then bears the burden of persuasion to disprove the
defense. Zuliani v. State, 97 S.W.3d 589, 594 (Tex. Crim. App. 2003). “The burden
of persuasion is not one that requires the production of evidence, rather it requires
only that the State prove its case beyond a reasonable doubt.” Id.; see also Cleveland
v. State, No. 01-03-01040-CR, 2005 WL 826943, at *3 (Tex. App.—Houston [1st.
Dist.] April 7, 2005, pet. filed) (en banc). A guilty verdict constitutes an implicit
finding by the fact-finder against the defensive theory of necessity. Zuliani, 97
S.W.3d at 594. 
          The Texas Penal Code provides that the conduct is justified if: 
(1) the actor reasonably believes the conduct is immediately necessary
to avoid imminent harm; 
 
(2) the desirability and urgency of avoiding the harm clearly outweigh,
according to ordinary standards of reasonableness, the harm sought to
be prevented by the law proscribing the conduct; and
 
(3) a legislative purpose to exclude the justification claimed for the
conduct does not otherwise plainly appear.

Tex. Pen. Code Ann. § 9.22(1)-(3). 
          In a factual sufficiency review, we view all of the evidence in a neutral light
and set aside the verdict only if the evidence is so weak that the verdict is clearly
wrong and manifestly unjust, or the contrary evidence is so strong that the standard
of proof beyond a reasonable doubt could not have been met. Escamilla v. State, 143
S.W.3d 814, 817 (Tex. Crim. App. 2004). In conducting a factual sufficiency review,
we discuss the evidence that Shinette contends most undermines the jury’s verdict. 
See Sims v. State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003). Unless the available
record clearly reveals that a different result is appropriate, we defer to the jury’s
determination concerning the weight to place upon conflicting testimony, because
resolution of facts often turns on evaluation of credibility and demeanor. See
Johnson v. State, 23 S.W.3d 1, 8 (Tex. Crim. App. 2000). 
          It is undisputed that Hargrove and Shinette engaged in an argument that
included a physical encounter. Both Cox and Duvall testified that they observed
Hargrove hitting Shinette. Cox testified that she “remembered hearing something
about a brick,” and vaguely remembered seeing a brick, but she could not be certain
that Hargrove had hit Shinette with a brick. After the fight, Shinette’s head was
bleeding profusely. 
          Cox testified that, after Cox and Duvall broke up the fight, Hargrove began
walking away. Shinette attempted to follow Hargrove while possessing his handgun.
Cox heard the handgun click four times, but nothing fired. Duvall testified that
Shinette requested his handgun, she saw it in the dirt, and she handed it to him. Both
Cox and Duvall testified that Hargrove was beating Shinette, but that they interrupted
the fight and Hargrove began to walk away; at that point, Shinette continued to
brandish his weapon. At trial, Shinette invoked his right against self-incrimination
and did not testify. Based upon this testimony, the jury was free to believe that
Shinette brandished his weapon—and attempted to fire it—even after the imminency
of the harm had passed. See Tex. Dep’t of Pub. Safety v. Moore, No. 01-02-01147-CV, 2004 WL 1064781, at *3 (Tex. App.—Houston [1st Dist.] May 13, 2004, no
pet.).
          Upon viewing the evidence in a neutral light for a factual sufficiency analysis,
we conclude that the jury was justified in finding Shinette guilty beyond a reasonable
doubt of the unlawful possession of a firearm, thereby finding against him on his
claim of necessity. See Escamilla, 143 S.W.3d at 817. The evidence supporting the
verdict is not so weak that the jury’s finding Shinette guilty of the unlawful
possession of a firearm by a felon is clearly wrong and manifestly unjust; nor is
Shinette’s evidence of necessity so strong that the State’s burden to prove the charged
offense beyond a reasonable doubt could not have been met. See id. 
 
Prior Conviction Testimony
          In his second issue, Shinette claims that the trial court erred in allowing
testimony of his prior felony conviction for attempted murder. The State responds
that Shinette failed to object at trial, thereby waiving his issue for appeal. We agree. To preserve a complaint for appellate review, a defendant must
make a timely, specific objection to the trial court. Tex. R. App. P. 33.1(a). The
complaining party must object at the earliest possible opportunity and obtain an
adverse ruling. Wilson v. State, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002) (citing
Broxton v. State, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995)). Arguments on
appeal must comport with the objection at trial, or the error is waived. See Wilson,
71 S.W.3d at 349. This is true even if the complaint is based upon constitutional
grounds. Espinosa v. State, 29 S.W.3d 257, 260 (Tex. App.—Houston [14th Dist.]
2000, pet. ref’d). An objection will be sufficient to preserve error for appellate
review if it communicates to the trial judge the objecting party’s requested relief and
the basis for the relief in a manner clear enough for the judge to understand the
objection and request, and at a time when the trial court can act upon the request. 
Lankston v. State, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992). 
          Here, Shinette did not object as the State read into evidence the indictment
containing the prior conviction, nor did Shinette object when the State mentioned the
conviction in its opening statement or in its final argument. We therefore hold that
Shinette waived his complaint as to the references regarding his prior conviction. 
Reasonable Doubt Definition 
          In his final issue, Shinette contends that the trial court should have given the
jury an explanation or definition of “reasonable doubt.” Shinette concedes that he 
neither requested the jury definition, nor objected to its omission at trial, because it
would have been futile under the Court of Criminal Appeal’s decision in Paulson v.
State, 28 S.W.3d 570, 573 (Tex. Crim. App. 2000). Nonetheless, Shinette maintains
that the Court of Criminal Appeals wrongly decided Paulson, and requests that this
court “take this opportunity to set up the issue for reconsideration by the Court of
Criminal Appeals.” 
          The State responds that, under Paulson, the trial court is not required to give
a definition of “beyond a reasonable doubt” in the jury charge. Further, neither the
State nor Shinette requested or agreed to such a change, thus the trial court did not
err in abstaining from including such a definition or explanation. 
          We agree. In Paulson, the Court of Criminal Appeals held that trial courts are
not required to instruct juries on the definition of “beyond a reasonable doubt.” 28
S.W.3d at 573. The court went further and stated that “the better practice is to give
no definition of reasonable doubt at all to the jury.” Id. The Court of Criminal
Appeals stated, however, that if both the State and the defense agree to give such an
instruction to the jury, it would not constitute reversible error for the trial court to
acquiesce to that agreement. Id. 
          We decline Shinette’s request. As an intermediate appellate court, we are duty
bound to follow the pronouncements of the Court of Criminal Appeals on matters
pertaining to criminal law. Flores v. State, 883 S.W.2d 383, 385 (Tex.
App.—Amarillo 1994, pet. ref’d); see also Southwick v. State, 701 S.W.2d 927, 929
(Tex. App.—Houston [1st Dist.] 1985, no pet.). After the law is declared by our
State’s high court, we are not at liberty to impose a different declaration of the law. 
See Southwick, 701 S.W.2d at 927. We therefore refuse to hold that the trial court
erred in failing to include a definition of “beyond a reasonable doubt” in the jury
charge.
 

Conclusion
          We hold that (1) the evidence is factually sufficient to disprove Shinette’s
necessity defense; (2) Shinette did not properly preserve his evidentiary issue for
appeal; and (3) we are duty bound to follow the precedent of the Court of Criminal
Appeals, and therefore Shinette was not entitled to a definition of “beyond a
reasonable doubt” in the jury charge. We therefore affirm the judgment of the trial
court. 
 
                                                             Jane Bland
                                                             Justice
 
Panel consists of Justices Nuchia, Keyes, and Bland.
 
Do not publish. Tex. R. App. P. 47.2(b).